UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HEDSTROM CORPORATION, *et al.*, | ) Case No. 04-38543 |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Jack B. Schmetterer |
| | ) |
| HEDSTROM CORPORATION, *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Adv. No. 05 A 02105 |
| | ) |
| WARPTECH INCORPORATED | ) |
| | ) |
| Defendant | ) |
| | ) |

## Undisputed FINDINGS OF FACT AND CONCLUSIONS OF LAW

Upon consideration of the Motion for Summary Judgment (the "Motion") filed by Hedstrom Corporation and certain of its affiliated debtors (individually and collectively, "Plaintiffs") this Court having previously issued its Findings of Fact and Conclusions of Law on Bifurcated Common Issues in this action on June 27, 2006 whereby it concluded that Plaintiffs had met their burden with respect to the elements of 11 U.S.C. § 547(b)(3) and (b)(5); this Court makes the following additional *undisputed* Findings of Fact and Conclusions of Law:

### Additional FINDINGS OF FACT

1. On May 13, 2005, counsel for Plaintiffs sent a demand letter to Defendant pursuant to 11 U.S.C. §§ 547 and 550 requesting the return of certain preferential transfers in the aggregate amount of $73,910.00 made by Plaintiffs (the "Transfers") during the ninety (90) days prior to Plaintiffs' petition date (the "Preference Period").

2. On October 5, 2005, Plaintiffs initiated this adversary proceeding by filing a complaint (the "Complaint") against Defendant to avoid and recover the Transfers.

3. The Transfers were made to or for the benefit of Defendant (a creditor of Plaintiffs) during the Preference Period on account of antecedent debts due and owing from Plaintiffs to Defendant before the Transfers were made.

4. Defendant was the initial transferee of the Transfers.

## CONCLUSIONS OF LAW

A. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F). Plaintiffs' underlying bankruptcy proceeding is pending before this Court. Accordingly, venue of this Complaint is proper in this Court under 28 U.S.C. § 1409(a).

B. Defendant has admitted, in its answer to Plaintiffs' Complaint, each of the allegations necessary for Plaintiffs' to avoid and recover the Transfers under 11 U.S.C. § 547(b). In addition, Defendant has failed to respond to Plaintiff's Motion and, in accordance with Fed. R. Civ. P. 56(e), summary judgment should enter against Defendant.

C. Plaintiffs have met their burden of proving that the Transfers are avoidable under 11 U.S.C. § 547(b) and recoverable under 11 U.S.C. § 550(a).

D. Plaintiffs are entitled to recover from Defendant and for the benefit of Plaintiffs' estates the value of the Transfers.

DATED this 14th day of September, 2006

United States Bankruptcy Judge

SEP 14 2006

{4625 ORD A0121292.DOC 2}                                2